Douglas P. Catalano (DC-7719)
Neil G. Sparber (NS-9165)
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LOUIS BARRY RUTLEDGE, | x |
| Plaintiff, | |
| -against- | |
| TRANSITCENTER, INC. and LARRY FILLER, | INDEX NO. 07 CV 11267 (JGK) |
| Defendants. | |
| | x |

### DEFENDANT TRANSITCENTER, INC.'S ANSWER TO COMPLAINT

Defendant TransitCenter, Inc. ("TransitCenter"), by and through its attorneys Fulbright & Jaworski L.L.P., as and for its answer to the complaint, alleges as follows:

1.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint, except states that the allegations purport to allege the nature of the action.

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint, except states that the allegations purport to allege the basis of jurisdiction in the Southern District of New York.

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint, except states that the allegations purport to allege the basis of jurisdiction of this Court over plaintiff's claims based on state and/or local law.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except states that the allegations purport to allege the basis of venue in the Southern District of New York.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint, except denies that plaintiff ever served as Acting Vice President of Sales, and states that plaintiff was hired by TransitCenter on or about October 20, 2003.

7. Denies the allegations set forth in paragraph 7 of the complaint, except states that TransitCenter is an "employer" under Title VII and maintains a place of business at 1065 Avenue of the Americas, New York, New York, and states that TransitCenter is a New York non-profit corporation whose mission is to promote the use of public transportation in order to conserve natural resources, reduce traffic congestion and combat air pollution by offering incentive programs that encourage greater use of mass transit at employee worksites, supporting

governmental programs whose aims are to reduce congestion and improve air quality, and fostering communication among transit providers, the business community, and the public.

8. Denies the allegations set forth in paragraph 8 of the complaint, except states that Larry Filler is a white male and was President & Chief Executive Officer of TransitCenter, Inc. during the relevant time period.

9. Denies the allegations set forth in paragraph 9 of the complaint, except states plaintiff commenced work at TransitCenter on October 20, 2003 as Executive Sales Supervisor and reported to Diana Maran, the Vice President of Sales.

10. Denies the allegations set forth in paragraph 10 of the complaint, except states that plaintiff's responsibilities included supervising Account Executives in the tri-state area.

11. Denies the allegations set forth in paragraph 11 of the complaint, except states that plaintiff was expected to perform the essential functions of the position of Executive Sales Supervisor as set forth in the Job Description.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13. Denies the allegations set forth in paragraph 13 of the complaint, except states that: (i) Diana Maran's employment with TransitCenter was terminated as of October 15, 2004, (ii) plaintiff remained Executive Sales Supervisor, (iii) plaintiff's salary remained commensurate with his job title and function, and (iv) plaintiff was not invited to move into the office occupied by Diana Maran.

14. Denies the allegations set forth in paragraph 14 of the complaint, except states that plaintiff was advised he would be considered for the position of Vice President of Sales, was

interviewed for the position in December, 2004, and was advised on May 16, 2005 that he would not be promoted to the position of Vice President of Sales.

15. Denies the allegations set forth in paragraph 15 of the complaint, except states that TransitCenter hired Paula Murray, a white female, on January 23, 2006 as Vice President of Sales.

16. Denies the allegations set forth in paragraph 16 of the complaint, except states that Paula Murray met with plaintiff on or about February 14, 2006 to discuss a promotion to "Sales Manager."

17. Denies the allegations set forth in paragraph 17 of the complaint, except states that plaintiff was provided with a job description for Sales Manager.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Denies the allegations set forth in paragraph 19 of the complaint, except states that on or about February 17, 2006 plaintiff was offered the position of Director of Sales Development.

20. Denies the allegations set forth in paragraph 20 of the complaint, except states that plaintiff indicated that he would not accept the position of Director of Sales Development, that Paula Murray requested a letter of resignation from plaintiff, and that plaintiff submitted a letter of resignation.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22.     Denies the allegations set forth in paragraph 22 of the complaint, except states that plaintiff received a Performance Appraisal, to which the Court is respectfully referred, dated April 4, 2005, a copy of which is annexed to the complaint

23.     Denies the allegations set forth in paragraph 23 of the complaint

24.     Denies the allegations set forth in paragraph 24 of the complaint except states that on January 26, 2005, Larry Filler, as President, reported End-of-Year Sales to the Board of Directors.

25.     Denies the allegations set forth in paragraph 25 of the complaint.

26.     Denies the allegations set forth in paragraph 26 of the complaint, except states that in October 2004, TransitCenter advised plaintiff he would be considered for the Vice President of Sales position based upon his performance of certain increases in responsibility accompanying his duties as Executive Sales Supervisor during a period of at least three months, and that plaintiff was informed on or about May 16, 2005 that he would not be offered the position of Vice President of Sales.

27.     Denies the allegations set forth in paragraph 27 of the complaint.

28.     Denies the allegations set forth in paragraph 28 of the complaint, except states that on or about July 21, 2005 and January 6, 2006 plaintiff was informed that TransitCenter would not change the decision in May 2005 with respect to a promotion for plaintiff.

29. Denies the allegations set forth in paragraph 29 of the complaint, except states that Rosa Dachille, Barbara Klein and Susan O'Sullivan were promoted to Vice President during the period that plaintiff was employed by TransitCenter.

30. Denies the allegations set forth in paragraph 30 of the complaint.

31. Admits the allegations set forth in paragraph 31 of the complaint.

32. Denies the allegations set forth in paragraph 32 of the complaint.

33. Denies the allegations set forth in paragraph 33 of the complaint, except states that plaintiff was informed on or about May 16, 2005 that he would not be offered the position of Vice President of Sales.

34. Denies the allegations set forth in paragraph 34 of the complaint.

35. Denies the allegations set forth in paragraph 35 of the complaint.

36. Denies the allegations set forth in paragraph 36 of the complaint.

37. Denies the allegations set forth in paragraph 37 of the complaint.

38. Denies the allegations set forth in paragraph 38 of the complaint.

39. Denies the allegations set forth in paragraph 39 of the complaint.

40. Denies the allegations set forth in paragraph 40 of the complaint except states that the EEOC issued a letter dated June 27, 2007 to plaintiff to which the Court is respectfully referred.

41.   Denies the allegations set forth in paragraph 41 of the complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

42.   Answering paragraph 42 of the complaint, defendant repeats and realleges its answers to paragraphs 1 through 41 of the complaint as if fully set forth herein.

43.   Denies the allegations set forth in paragraph 43 of the complaint.

44.   Denies the allegations set forth in paragraph 44 of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

45.   Answering paragraph 45 of the complaint, defendant repeats and realleges its answers to paragraphs 1 through 44 of the complaint as if fully set forth herein.

46.   Denies the allegations set forth in paragraph 46 of the complaint.

47.   Denies the allegations set forth in paragraph 47 of the complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

48.   Answering paragraph 48 of the complaint, defendant repeats and realleges its answers to paragraphs 1 through 47 of the complaint as if fully set forth herein.

49.   Denies the allegations set forth in paragraph 49 of the complaint.

50.   Denies the allegations set forth in paragraph 50 of the complaint

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The complaint, in whole or part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. The complaint is barred, in whole or part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. The complaint is barred, in whole or in part, by the equitable principles of estoppel, waiver, and/or laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. Upon information and belief, plaintiff is barred, in whole or part, from relief due to his failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. Defendant TransitCenter's actions and decisions with respect to plaintiff were taken for legitimate, non-discriminatory business reasons.

WHEREFORE, defendant demands judgment dismissing the complaint with prejudice, together with the costs and disbursements of this action, and awarding such other and further relief as this Court deems just and proper.

Dated: February 19, 2008                      Respectfully submitted,
       New York, New York

By: /s/ Neil G. Sparber
    Douglas P. Catalano (DC-7719)
    Neil G. Sparber (NS-9165)
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

*Attorneys for Defendants TransitCenter, Inc. and Larry Filler*