Douglas P. Catalano (DC-7719)
Neil G. Sparber (NS-9165)
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LOUIS BARRY RUTLEDGE,                                    x
                                                         :
                    Plaintiff,                           :
                                                         :
        -against-                                        :
                                                         :        INDEX NO.  07 CV 11267 (JGK)
TRANSITCENTER, INC. and LARRY                            :
FILLER,                                                  :
                                                         :
                    Defendants.                          :
                                                         :
                                                         :
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS COMPLAINT AGAINST INDIVIDUAL DEFENDANT LARRY FILLER**


This memorandum of law is submitted on behalf of defendant Larry Filler in support of

his motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an Order dismissing the

complaint on the grounds that the complaint fails to state a claim against him upon which relief

may be granted.[1]

---
[1] On or about February 19, 2008, Defendant TransitCenter, Inc. served and filed an Answer to the Complaint in this action.

## Preliminary Statement

In the complaint, plaintiff alleges that he was discriminated against by defendants because of his race in violation of Title VII of the Civil Rights Act of 1964, New York State Human Rights Law ("NYHRL"), N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., when, among other things, he was purportedly denied a promotion to the position of Vice President of Sales with defendant TransitCenter, Inc. ("TransitCenter"). Plaintiff, however, not only seeks to hold his former employer, TransitCenter, liable for the alleged discrimination, but plaintiff also seeks impose individual liability on defendant Larry Filler ("Filler"), the President and Chief Executive Officer ("CEO") of TransitCenter, as an "aider and abettor" of the alleged discrimination pursuant to the NYSHRL and NYCHRL. The complaint, however, is devoid of any allegations that Filler participated or engaged in any alleged discriminatory acts that form the basis of plaintiff's claims, as is required to impose individual liability on a defendant under the NYSHRL and NYCHRL. Accordingly, plaintiff's claims of discrimination against Filler individually should be dismissed in their entirety.

## Summary of the Complaint[2]

Plaintiff alleges that he began his employment with TransitCenter in October 2003 as a Sales Supervisor, reporting to Diana Maran, the Vice President of Sales (¶ 9). Plaintiff alleges that as Sales Supervisor, he devoted a "a good deal of his time" to management duties such as assisting with sales meetings, visiting accounts with sales representatives, and had other

---

[2] References to the complaint are set forth as (¶ ___). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations contained in the complaint are assumed to be true solely for the purposes of this motion. Defendants do not accept these facts as true, except for this motion only.

supervisory responsibilities (¶ 11), and that within six months of his employment, Diana Marin purportedly agreed that plaintiff's position would become completely managerial. (¶12). The complaint alleges that when Diana Maran left TransitCenter on or about October 17, 2004, defendant Filler and Rosa Dachille. Vice President of Human Resources, met with plaintiff and purportedly asked him to assume the duties of Vice President of Sales as "Acting" Vice President of Sales." Plaintiff alleges that he did assume the duties of Acting Vice President of Sales although his title and salary remained the same. (¶13). Plaintiff also alleges that he requested to be considered for the permanent position of Vice President of Sales, and that Filler and Rosa Dachille agreed to consider him for the position subject to a three-month evaluation period. (¶¶25-26).

Plaintiff alleges that when the evaluation period was over, in January 2005, plaintiff was not promoted to Vice President of Sales, and that on or about May 16, 2005, he was informed that he was denied the promotion. (¶26). The complaint further alleges that plaintiff continued to perform duties as Acting Vice President of Sales thereafter, until January 23, 2006, and during that time repeatedly requested that he be given the position of Vice President of Sales, but that TransitCenter denied his requests. (¶27-28).

Plaintiff alleges that on January 23, 2006, TransitCenter hired Paula Murray, purportedly a white female less qualified than plaintiff, as the Vice President of Sales. (¶16). Plaintiff also alleges that Paula Murray met with plaintiff on February 14, 2006, to discuss his position as "Sales Manager" under her, and that she provided plaintiff with a new job description which allegedly required him to perform sales functions exclusively, without any appreciable management function. (¶¶16-17). The complaint alleges that this new job description constituted a demotion from his alleged position as Acting Vice President of Sales, and a

substantial demotion from his former duties of Sales Supervisor under Diane Maran. (¶18). The complaint alleges that in response to plaintiff's concerns, plaintiff's job title was changed from Sales Manager to Director of Sales Development, but that this change was allegedly cosmetic as the job description remained the same as the one Paul Murray provided. (¶19). On or about February 21, 2006, the complaint alleges, plaintiff informed TransitCenter that he would not accept the position of Director of Sales Development and that in response, Paula Murray asked plaintiff to submit a letter of resignation by the end of the day, which plaintiff did. (¶20).

Plaintiff's claims arise out the alleged denial of the position of Vice President of Sales. Plaintiff alleges that his performance at all times equaled or exceeded expectations (¶21-24) and that he successfully performed the duties of Acting Vice President of Sales. (¶26). Plaintiff alleges that three white TransitCenter employees, Rosa Dachille, Barbara Klein, and Susan O'Sullivan, were promoted to the level of Vice President during plaintiff's employment at TransitCenter, but that none of these employees had qualifications superior to his. (¶ ¶29-30).

The complaint alleges that no outside candidates were interviewed in connection with the promotion of Ms. Dachille, Ms. Klein, or Ms. Sullivan, and that Ms. Klein and Ms. Sullivan had been employed for less than one year at the time of their promotions. Furthermore, the complaint alleges that unlike plaintiff, Ms. Sullivan was not required to go through any evaluative period prior to her promotion to Vice President of Marketing. (¶32). The complaint alleges that after Ms. Sullivan's promotion, he stated to Ms. Dachille: "I guess you have different strokes for different folks" and he also allegedly stated that "TransitCenter does not do blacks right." (¶34). Plaintiff alleges that Ms. Dachille did not respond to these comments. Plaintiff alleges that despite his alleged complaint to Ms. Dachille, TransitCenter failed to investigate plaintiff's allegations of racial discrimination.

The complaint alleges that plaintiff was the only African-American in upper management at TransitCenter and that there are currently no African-Americans in upper management at TransitCenter. (¶¶37-38).    The complaint further alleges that TransitCenter's failure to promote him to Vice President of Sales is contrary to TransitCenter's policy of promoting from within the company. ¶39.

As is set forth below, there are no facts alleged in the complaint that indicate that Filler acted in a discriminatory manner with respect to plaintiff.

## ARGUMENT

### POINT I

### THE CLAIMS AGAINST INDIVIDUAL DEFENDANT LARRY FILLER SHOULD BE DISMISSED

1.    There is No Individual Liability under Title VII.

"[I]ndividuals are not subject to liability under Title VII."  Patterson v. County of Oneida, 375 F.3d 206, 215 (2d Cir. 2004) (citing cases and dismissing Title VII claims against individual defendants); See also Tomka v. Seiler Corp., 66 F.3d 1295, 1313  (2d Cir. 1995). Therefore, to the extent that the complaint and the first cause of action seek to impose liability on Filler individually for an alleged violation of Title VII, the cause of action must be dismissed against Filler because there is no such liability under the statute.

2.    The Claims Under the New York Executive Law and
New York City Human Rights Law Should be Dismissed Because
Plaintiff Has Not Alleged "Actual Participation" by Larry Filler.

Only a person who "actually participates in the conduct giving rise to the discrimination claim [can be] an aider and abettor of discrimination."  Mitra v. State Bank of India, et.al., 2005 U.S. Dist. Lexis 19138, (03 Civ. 6331 (DAB)), at *11 (S.D.N.Y. Sept. 6, 2005) (quoting Tomka

v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995). Furthermore, in order to find that a defendant actually participated in the discriminatory conduct, plaintiff must demonstrate "'direct, purposeful participation'" by the defendant. Brice v. Security Operations Sys., 2001 U.S. Dist. LEXIS 1856, (00 Civ. 2438 (GEL)), *11 (S.D.N.Y. Feb. 23, 2001) (citing Cerrato v. Durham, 941 F. Supp. 388, 396 (S.D.N.Y. 1996)). "[T]he prerequisite for individual liability [as an aider and abettor] under the NYCHRL [New York City Human Rights Law] is identical to that of § 296(6) of the State Human Rights Law, i.e., 'the defendant at issue must have actually engaged in a discriminatory act.'" Mitra v. State Bank of India, et.al., 2005 U.S. Dist. Lexis 19138 at *11-12 (emphasis added) (quoting Smith v. AVSC Int'l Inc., 148 F. Supp. 2d 302, 308-309 (S.D.N.Y. 2001).

Thus, "[f]or an individual to be held individually liable under state or city law the person must actively engage in the discriminatory conduct." Prudent v. Caspi, 2004 U.S. Dist. LEXIS 17011, (04 Civ. 00725 (RPP)), at *10 (S.D.N.Y. Aug. 20, 2004) (citing cases) (emphasis added). Under this standard, the complaint fails to state a cause of action against Filler. The complaint merely alleges that Filler was President and CEO of TransitCenter and that he is liable as an an aider and abettor under the NYSHRL and NYCHRL. However, plaintiff has failed to set forth any factual allegations that support this claim.

Where a complaint does not set forth factual allegations that an individual defendant "actually participated" in the alleged discriminatory conduct, a motion to dismiss should be granted. See Banks v. Correctional Services Corp. et al., 475 F. Supp. 2d 189, 200 (E.D.N.Y. 2007) (granting motion to dismiss discrimination claim against individual defendant where plaintiff did not allege facts to support his allegation that the individual aided or abetted the company in his termination or that the individual actually participated in any of the allegedly

discriminatory conduct); Mitra v. State Bank of India, et.al., 2005 U.S. Dist. Lexis 19138, at *13-14 (dismissing claim of discrimination against individual defendants where the complaint "does not specifically allege that either Individual Defendant actually participated in any of the alleged discriminatory acts against the Plaintiff."); Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP, 332 F. Supp. 2d 592, 598 (S.D.N.Y 2004) (granting motion to dismiss claim against individual defendant where the plaintiff failed to allege "that any of the Individual Defendants participated in racially discriminatory conduct or displayed any racial animus towards her."). Prudent v. Caspi, 2004 U.S. Dist. LEXIS 17011, at *10 (granting motion to dismiss NYSHRL and NYCHRL claims against Chief Executive Officer individually where the Chief Executive Officer "did not directly commit any discriminatory acts against [plaintiff] and, consequently, had no direct participation in the conduct giving rise to [plaintiff's] discrimination claim."). In Prudent, the plaintiff alleged that the Chief Executive Officer participated in a meeting during which plaintiff complained of the discriminatory acts of other employees and that the Chief Executive Officer failed to take remedial action. Id. At *11. In dismissing the claim of individual liability against the Chief Executive Officer, the Court held that those allegations "[do] not constitute discriminatory conduct under the case law." Id.

At most, the complaint alleges that Filler, along with Rosa Dachille, requested that plaintiff assume duties as Acting Vice President of Sales in October 2004, and that Filler and Rosa Dachille agreed to consider him for a permanent position as Vice President of Sales subject to a three month evaluation period. Plaintiff does not allege that Filler was involved in the decision not to promote him, that Filler participated or was otherwise involved in the rejection of his subsequent requests to be promoted, or that Filler was involved in a discriminatory manner in

the hiring of Paula Murray and/or Paula Murray's "new" job description for plaintiff, which he alleges constituted a demotion.

Plaintiff does not allege any actual engagement or participation in discriminatory conduct by Filler, let alone any <u>direct purposeful</u> discrimination as is required to find an individual liable under NYSHRL and NYCHRL.   <u>See, e.g., Prudent v. Caspi,</u> 2004 U.S. Dist. LEXIS 17011, at *10; <u>Mitra v. State Bank of India, et.al.,</u> 2005 U.S. Dist. Lexis 19138, at *13-14.   Accordingly, the complaint fails to state a cause of action against Filler.

<u>CONCLUSION</u>

For all the foregoing reasons, it is respectfully submitted that defendant's motion to dismiss the complaint against him should be granted in all respects.

Dated:  February 22, 2008              Respectfully submitted,
          New York, New York


                                        By: _____
                                            Douglas P. Catalano (DC-7719)
                                            Neil G. Sparber (NS-9165)
                                        666 Fifth Avenue
                                        New York, New York 10103
                                        Telephone: (212) 318-3360
                                        dcatalano@fulbright.com
                                        nsparber@fulbright.com

                                        *Attorneys for Defendants*