Douglas P. Catalano (DC-7719)
Neil G. Sparber (NS-9165)
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LOUIS BARRY RUTLEDGE, | x | |
| Plaintiff. | : | |
| -against- | : | INDEX NO.  07 CV 11267 (JGK) |
| TRANSITCENTER, INC. and LARRY FILLER, | : | |
| Defendants. | : | |
| | x | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants TransitCenter, Inc. ("TransitCenter") and Larry Filler ("Filler"), by and through their attorneys Fulbright & Jaworski L.L.P., as and for their answer to the amended complaint, allege as follows:

1.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the amended complaint, except states that the allegations purport to allege the nature of the action.

2.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the amended complaint, except states that the allegations purport to allege the basis of jurisdiction in the Southern District of New York.

3.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the amended complaint.

4.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the amended complaint, except state that the allegations purport to allege the basis of jurisdiction of this Court over plaintiff's claims based on state and/or local law.

5.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the amended complaint, except state that the allegations purport to allege the basis of venue in the Southern District of New York.

6.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the amended complaint, except deny that plaintiff ever served as Acting Vice President of Sales, and state that plaintiff was hired by TransitCenter on or about October 20, 2003.

7.     Deny the allegations set forth in paragraph 7 of the amended complaint, except state that TransitCenter is an "employer" under Title VII and maintains a place of business at 1065 Avenue of the Americas, New York, New York, and state that TransitCenter is a New York non-profit corporation whose mission is to promote the use of public transportation in order to conserve natural resources, reduce traffic congestion and combat air pollution by offering incentive programs that encourage greater use of mass transit at employee worksites, supporting

governmental programs whose aims are to reduce congestion and improve air quality, and fostering communication among transit providers, the business community, and the public.

8. Deny the allegations set forth in paragraph 8 of the amended complaint, except state that Filler is a white male, he was President & Chief Executive Officer of TransitCenter, Inc. during the relevant time period, and that Filler has authority to make personnel decisions for TransitCenter.

9. Deny the allegation set forth in paragraph 9 of the amended complaint, except state that plaintiff commenced work at TransitCenter on October 20, 2003 as Executive Sales Supervisor and reported to Diana Maran, the Vice President of Sales.

10. Deny the allegations set forth in paragraph 10 of the amended complaint, except state that plaintiff's responsibilities included supervising Account Executives in the tri-state area.

11. Deny the allegations set forth in paragraph 11 of the amended complaint, except state that plaintiff was expected to perform the essential functions of the position of Executive Sales Supervisor as set forth in the Job Description.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the amended complaint.

13. Deny the allegations set forth in paragraph 13 of the amended complaint, except state that: (i) Diana Maran's employment with TransitCenter was terminated as of October 15, 2004, (ii) plaintiff remained Executive Sales Supervisor, (iii) plaintiff's salary remained commensurate with his job title and function, and (iv) plaintiff was not invited to move into the office occupied by Diana Maran.

14. Deny the allegations set forth in paragraph 14 of the amended complaint, except state that plaintiff was advised he would be considered for the position of Vice President of

Sales, was interviewed for the position in December, 2004, and was advised on May 16, 2005 that he would not be promoted to the position of Vice President of Sales.

15.    Deny the allegations set forth in paragraph 15 of the amended complaint, except state that TransitCenter hired Paula Murray, a white female, on January 23, 2006 as Vice President of Sales.

16.    Deny the allegations set forth in paragraph 16 of the amended complaint, except state that Paula Murray met with plaintiff on or about February 14, 2006 to discuss a promotion to "Sales Manager."

17.    Deny the allegation set forth in paragraph 17 of the amended complaint, except state that plaintiff was provided with a job description for Sales Manager.

18.    Deny the allegations set forth in paragraph 18 of the amended complaint.

19.    Deny the allegations set forth in paragraph 19 of the amended complaint, except state that on or about February 17, 2006 plaintiff was offered the position of Director of Sales Development.

20.    Deny the allegations set forth in paragraph 20 of the amended complaint, except state that plaintiff indicated that he would not accept the position of Director of Sales Development, that Paula Murray requested a letter of resignation from plaintiff, and that plaintiff submitted a letter of resignation.

21.    Deny the allegations set forth in paragraph 21 of the amended complaint.

22.     Deny the allegations set forth in paragraph 22 of the amended complaint, except state that plaintiff received a Performance Appraisal, to which the Court is respectfully referred, dated April 4, 2005, a copy of which is annexed to the amended complaint

23.     Deny the allegation set forth in paragraph 23 of the amended complaint

24.     Deny the allegations set forth in paragraph 24 of the amended complaint except state that on January 26, 2005, Larry Filler, as President, reported End-of-Year Sales to the Board of Directors.

25.     Deny the allegations set forth in paragraph 25 of the amended complaint.

26.     Deny the allegations set forth in paragraph 26 of the amended complaint, except state that in October 2004, TransitCenter advised plaintiff he would be considered for the Vice President of Sales position based upon his performance of certain increases in responsibility accompanying his duties as Executive Sales Supervisor during a period of at least three months, and that plaintiff was informed on or about May 16, 2005 that he would not be offered the position of Vice President of Sales.

27.     Deny the allegations set forth in paragraph 27 of the amended complaint.

28.     Deny the allegations set forth in paragraph 28 of the amended complaint, except state that on or about July 21, 2005 and January 6, 2006 plaintiff was informed that TransitCenter would not change the decision made in May 2005 with respect to a promotion for plaintiff, and that Filler prepared a memorandum dated January 6, 2008 to plaintiff, a copy of which is attached to the amended complaint and to which the Court is respectfully referred.

29.    Deny the allegations set forth in paragraph 29 of the amended complaint to the extent the allegations differ from the content of the memorandum dated January 6, 2006, to which this Court is respectfully referred, except state that Filler participated in TransitCenter's decision not to offer plaintiff the position of Vice President, Sales.

30.    Deny the allegations set forth in paragraph 30 of the amended complaint to the extent the allegations differ from the content of the position statement referenced therein, to which this Court is respectfully referred.

31.    Deny the allegations set forth in paragraph 31 of the amended complaint, except state that Rosa Dachille, Barbara Klein and Susan O'Sullivan were promoted to Vice President during the period that plaintiff was employed by TransitCenter.

32.    Deny the allegations set forth in paragraph 32 of the amended complaint.

33.    Admit the allegations set forth in paragraph 33 of the amended complaint.

34.    Deny the allegations set forth in paragraph 34 of the amended complaint.

35.    Deny the allegations set forth in paragraph 35 of the amended complaint, except state that plaintiff was informed on or about May 16, 2005 that he would not be offered the position of Vice President of Sales.

36.    Deny the allegations set forth in paragraph 36 of the amended complaint.

37.    Deny the allegations set forth in paragraph 37 of the amended complaint.

38.    Deny the allegations set forth in paragraph 38 of the amended complaint.

39.     Deny the allegations set forth in paragraph 39 of the amended complaint.

40.     Deny the allegations set forth in paragraph 40 of the amended complaint.

41.     Deny the allegations set forth in paragraph 41 of the amended complaint.

42.     Deny the allegations set forth in paragraph 42 of the amended complaint, except state that the EEOC issued a letter dated June 27, 2007 to plaintiff to which the Court is respectfully referred.

43.     Deny the allegations set forth in paragraph 43 of the amended complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

44.     Answering paragraph 44 of the amended complaint, defendants repeat and reallege their  answers to paragraphs 1 through 43 of the amended complaint as if fully set forth herein.

45.     Deny the allegations set forth in paragraph  45 of the amended complaint.

46.     Deny the allegations set forth in paragraph 46 of the amended complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

47.     Answering paragraph 47 of the amended complaint, defendants repeat and reallege their answers to paragraphs 1 through 46 of the amended complaint as if fully set forth herein.

48.     Deny the allegations set forth in paragraph 48 of the amended complaint.

49.     Deny the allegations set forth in paragraph 49 of the amended complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

50.     Answering paragraph 50 of the amended complaint, defendants repeat and reallege their answers to paragraphs 1 through 49 of the amended complaint as if fully set forth herein.

51.     Deny the allegations set forth in paragraph 51 of the amended complaint.

52.     Deny the allegations set forth in paragraph 52 of the amended complaint

## ANSWERING THE FOURTH CAUSE OF ACTION

53.     Answering paragraph 53 of the amended complaint, defendants repeat and reallege their answers to paragraphs 1 through 52 of the amended complaint as if fully set forth herein.

54.     Deny the allegations set forth in paragraph 54 of the amended complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

55.     Answering paragraph 55 of the amended complaint, defendants repeat and reallege their answers to paragraphs 1 through 54 of the amended complaint as if fully set forth herein.

56.     Deny the allegations set forth in paragraph 56 of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57.    The complaint, in whole or part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58.    The complaint is barred, in whole or part, by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59.    The complaint is barred, in whole or in part, by the equitable principles of estoppel, waiver, and/or laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60.    Upon information and belief, plaintiff is barred, in whole or part, from relief due to his failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61.    Defendants' actions and decisions with respect to plaintiff were taken for legitimate, non-discriminatory business reasons.

WHEREFORE, defendants demand judgment dismissing the complaint with prejudice, together with the costs and disbursements of this action, and awarding such other and further relief as this Court deems just and proper.

Dated: May 15, 2008
     New York, New York

Respectfully submitted,

By: _____
    Douglas P. Catalano (DC-7719)
    Neil G. Sparber (NS-9165)
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

*Attorneys for Defendants TransitCenter, Inc. and Larry Filler*

Douglas P. Catalano (DC-7719)
Neil G. Sparber (NS-9165)
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
dcatalano@fulbright.com
nsparber@fulbright.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LOUIS BARRY RUTLEDGE,                          x
                                               :
            Plaintiff,                         :
                                               :
    -against-                                  :
                                               :        INDEX NO.  07 CV 11267 (JGK)
TRANSITCENTER, INC. and LARRY                  :
FILLER,                                        :        **AFFIRMATION OF SERVICE**
                                               :
            Defendants.                        :
                                               :
                                               :
                                               :
---------------------------------------------------------------  x

Samantha E. Beltre, an attorney admitted to practice in the Courts of the State of New

York, affirms under the penalties of perjury that I served copies of defendants' answer to the

amended complaint and defendant Larry Filler's Rule 7.1. Statement on counsel for plaintiff as

set forth below:

Scott Steiner, P.C.
Scott J. Steiner
2 William Street, Suite 302
White Plains, New York 10005
*Attorney for Plaintiff*

by sending the same on May 15, 2008 via first class mail directed to said person at the address stated above.

Dated: New York, New York
       May 15, 2008

*Samantha Beltre*

Samantha E. Beltre